GEORGE H. ANDERSON v. SAMUEL F. SCOTT ET AL.

*Deed—Reservation—Description.*

The opinion in this case involves questions of fact *purely.*

Error to Allegan. (Arnold, J.) Argued April 10, 1889. Decided June 21, 1889.

Trespass. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Jacob V. Rogers,* for appellants.

*Ed. J. Anderson,* for plaintiff.

MORSE, J. This is an action of trespass growing out of a contest over the title to a small parcel of land in the village of Plainwell, Allegan county.

The suit was commenced in justice's court, and certified to the circuit court for that county, on a plea of title in the defendant Samuel F. Scott.

Hon. Dan J. Arnold, the circuit judge, before whom it was tried without a jury, upon findings of fact and law, rendered a judgment in favor of the plaintiff.

The map found on the following page shows the location of the premises in dispute, and the lines of reservation as claimed by the parties.

The facts found, and here deemed necessary for a solution of the difficulty between the parties, are as follows:

Two plats were introduced in evidence, one known as the "Corporation Plat of the Village of Plainwell," and the other as "Anderson's Addition to the Village of Plainwell." Lot 124, as shown on the map, and according to both plats, is a lot nine rods east and west, by six rods north and south,

A.B.C. LINE OF RESERVATION CLAIMED BY PLAINTIFF.

D.E.F. LINE OF RESERVATION CLAIMED BY DEFENDANT.

G LAND IN DISPUTE.

H LAND CONVEYED AS LOT 101.

bounded on the westerly end by River street, and on the northerly side by Maryette street.

River street, as platted on the corporation plat, extends in width from the westerly line of said lot 124 to the bank of the Kalamazoo river, as it then flowed,—a distance of some thing over three rods.   Owing to diversion since of a large part of the waters of the Kalamazoo at a point up the stream from lot 124, the waters of the river opposite said lot have receded, leaving a considerable space of dry land between th original and present easterly limit of the flow of water in said stream.

At the time of the alleged trespass the plaintiff was the owner and in possession of lot 124, and was also in possession of the disputed parcel of land.

It is conceded that he owns this disputed strip, if it is contained and embraced within a reservation made in a certain deed from him to the defendant Samuel F. Scott.   If not within the reservation, then it passed in this deed to Scott, and the title is in him.

This deed was executed on the twenty-seventh day of June, 1879.   By such deed the plaintiff conveyed to said Samuel F. Scott—

" All that certain piece or parcel of land situate and being in the village of Plainwell, county of Allegan, and State of Michigan, known and described as follows, to wit:   Lot No. one hundred and one (101), as recorded in the corporation plat of said village of Plainwell, excepting and reserving therefrom a piece of land described as follows, to wit:   Commencing at the south-west corner of lot 124 of said plat; thence in a south-easterly direction, along River street, 32 feet; thence in a north-easterly direction, *on a line* with the *south-east corner* of said lot No. 124, 10 rods and 23 links; thence north, to *Oak avenue* (?); thence west, to the north-east corner of said lot No. 124; thence, in a south-easterly direction, to the *south-east corner* of said lot 124; thence, in a direct line, to the place of beginning."

It is admitted by both parties that there was a mistake in

the drafting of this deed; that lot 101 was not intended to be conveyed at all, but the land intended to be embraced in the description "Lot 101" was in fact the lot marked "H" on the map; and the street named in the deed as "Oak Avenue" was intended to mean "Maryette Street."

The plaintiff claims the starting line of this reservation to be at the south-west corner of the lot, as shown on the map, where the corner touches the easterly line of River street. Starting at this point, as shown by the dotted line A, B, C, the reservation runs 32 feet south-easterly, along the east line of River street; thence running north-easterly 10 rods and 23 links, "on a line" with the south-east corner of lot 124, it passes through said corner, and beyond it; then the line runs to Maryette street; thence west, on the line of Maryette street, to the north-east corner of lot 124; thence, along the line of said lot, to the south-east corner of lot 124; thence, along the southerly line of the same lot, to the place of beginning.

This seems to be a reasonable description, and the land reserved is all found outside of lot No. 124, and within the original boundaries of the lot marked "H" on the map, out of which the reservation was intended to be made.

The defendants claim that the western boundary of lot 124 is the Kalamazoo river. The first argument is that lot 124 being bounded on the west on the plat by River street, which is bounded by the Kalamazoo river, the title of the lot-owner, the plaintiff, in fee runs to the river, burdened with the easement of the street. The second argument is that by the deeds from plaintiff's grantors of the land, labeled "Lot 124" on the corporation plat, which was conveyed by metes and bounds, the westerly line of the same, as described in said deeds, was the Kalamazoo river.

The defendants, therefore, take their starting point of the description of this reservation at the point where the south-

westerly corner of lot 124 would be if extended, as by the dotted line on the map, to the Kalamazoo river.

Commencing at such a point the line would run 32 feet south-easterly along River street, but on the westerly line thereof; thence running 10 rods and 23 links in a north-easterly direction, *"on a line"* with the south-east corner of lot 124, it would strike the line of said lot before it came to the corner, as shown by the dotted lines D, E, F, on the map. From thence to Maryette street the line must pass onto and across lot 124, coming out again into lot H before it reaches Maryette street; then running the line along Maryette street, to the north-east corner of lot 124, and from thence to the south-east corner of the same lot, following the description in the reservation, and a piece of land in the south-east corner, marked *"i"* on the map, is cut off and reserved out of something to which it did not belong.

It is, as can readily be seen by examining this map, and following the two claimed lines of reservation thereon, unnecessary to enter upon any discussion of the argument of the defendants on either of the two grounds advanced by them. It is plain that the description of this reservation was intended to start from the south-west corner of lot 124 as claimed by plaintiff. A comparison of the whole description with the lines claimed by the respective parties shows this starting point to be the only reasonable and intelligent one.

The judgment of the court below was correct, and will be affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. LONG, J., did not sit.